### SUPREME COURT.

THE TRUSTEES OF THE VILLAGE OF PENN YAN agt. TUELL & WATSON.

Where on application of the defendant the cause is put over the circuit on pay-
ment of $10 and disbursements, which are paid the plaintiff on recovering a
verdict, is not entitled in his general bill of costs to $10 for that circuit.

*Yates Special Term, May*, 1854.   Motion for readjustment of costs.—The plaintiffs recovered a verdict of $50 at the last April circuit in Yates county, and perfected judgment thereon. The action was noticed for trial at the last October circuit in the same county, and was put over on application of the de-

fendants upon payment of ten dollars and disbursements, as a condition of the postponement, which were then paid by them. The plaintiffs charged in their general bill the sum of ten dollars, costs of the said October circuit, which was objected to before the clerk on the ground that it had been paid on putting off the trial at that circuit; but the objection was overruled by the clerk, who included the same in his adjustment of the costs for which judgment was entered.

A. V. HARPENDING, *for defendants.*
W. S. BRIGGS, *for plaintiffs.*

WELLES, Justice. The costs must be re-adjusted. The plaintiffs have received the ten dollars in question, and it would be manifestly unjust to allow them to recover it again. There is nothing in the statute that I can perceive requiring the defendants to pay it the second time. The Code (§ 307) specifies the items which a party shall recover when entitled to judgment for costs. Subd. 8 of the section referred to is as follows: " To either party, for every circuit or term at which the cause is necessarily on the calendar, and not reached or postponed, excluding that at which it is tried or heard, ten dollars." Section 314 is in the following words: " Where an application shall be made to a court or referees to postpone a trial, the payment to the adverse party of a sum not exceeding $10, besides fees of witnesses, may be imposed as the condition of granting the postponement."

The plaintiffs' counsel supposes, that inasmuch as by § 314 the amount, besides fees of witnesses, which the party may be required to pay as a condition of the postponement, may be less than $10, and as subd. 8 of § 307 allows $10 for the term, in the general bill, the payment of a less sum, as a condition of the postponement, is not to interfere with the right of the prevailing party to include in his judgment the $10 allowed by said subd. 8.

The allowance of $10, under the last mentioned subdivision, cannot be made where the cause is either reached or postponed. In that part of the subdivision which is in these

words, "and not reached or postponed," the adverb "not" should be understood as qualifying both the verbs "postponed" and "reached." This construction is the reasonable and equitable one, and its correctness placed beyond doubt by the fact, that by the Code of 1849, and as published by the secretary of state in 1851, in the said subdivision 8 of § 307, the language is, " and not reached or *is* postponed," &c., and the amendments of 1852, now in force, omit the word " is " in the corresponding subdivision, thus completely changing the sense. (*Sess. L. of 1849, p.* 677; *do. of* 1851, *p.* 904, § 2; *id. Appendix, p.* 104; *and do. of* 1852, *p.* 660.) When the cause is reached on the calendar, it is the party's own fault if he does not try it, provided he has noticed it for trial, unless postponed on the application of his adversary; in which case the court will take care that he shall be indemnified on the spot for the costs and expenses of the term.